UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

TERESA THOMAS,　　　　　　)
Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　)
CITY OF DETROIT POLICE　　)
OFFICER JOHN DOE #1,　　　)
CITY OF DETROIT POLICE　　)
OFFICER JOHN DOE #2　　　 )
Defendants.　　　　　　　　　)
_____/

**COMPLAINT AND JURY DEMAND**

Plaintiff Teresa Thomas ("Thomas"), by and through her attorneys, Olson PLLC, states the following for her Complaint against Defendants Police Officer John Doe #1 ("Doe #1") and Police Officer John Doe #2 ("Doe #2"):

1. This is a civil action arising under 42 U.S.C. § 1983 and common law avenues of recovery for deprivations of Plaintiff's rights.

2. Plaintiff sues the Officers Doe #1 and Doe #2 ("Individual Defendants") in their individual capacity.

## JURISDICTION

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

## VENUE

4. Venue is proper under 28 U.S.C. § 1391(b).

5. At all times relevant herein, Plaintiff resided in and was a citizen of the City of Detroit, County of Wayne, and state of Michigan.

6. The incident giving rise to this case occurred in Wayne, Michigan.

7. Defendants Doe #1 and Doe #2 are City of Detroit Police Officers who acted under color of State law and are "persons" for purposes of a 42 U.S.C. § 1983 action.

## COLOR OF STATE LAW

8. At all times relevant herein, Defendants acted under color of state law including statutes, ordinances, regulations, policies, customs and usages of the State of Michigan.

## FACTUAL BACKGROUND

9. On or about July 19, 2019, Plaintiff owned two dogs, one named Tiny and one named Winter.

10. On or about July 19, 2019, Plaintiff resided 2425 Beal Street, Detroit, Michigan 48214 ("Residence").

11. On July 19, 2019, Defendants Doe #1 and Doe #2 were, on information and belief looking for a person who was not Plaintiff and did not reside at Plaintiff's Residence.

12. On July 19, 2019, Defendant Doe # 1 said to Plaintiff, who was standing inside her front door at that time, that the person that Defendants were looking for was in Plaintiff's Residence.

13. Plaintiff explained that no one was in her Residence other than herself, her son and her dogs.

14. Defendant Doe #1 replied that he "knows" that the person that Defendants were looking for was in Plaintiff's house.

15. Plaintiff explained that the person was not in her Residence.

16. Next, Defendant Doe #1 stated that he would search Plaintiff's Residence.

17. Plaintiff told Defendant Doe #1 that he was not permitted to enter her Residence without a search warrant.

3

18. Plaintiff then closed the front door.

19. The dogs were visible to Doe #1 and Doe #2 and other police officers through the closed security door.

20. Defendant Doe #1 stated to Plaintiff that he was coming into Plaintiff's residence to search.

21. Plaintiff repeated to Defendant Doe #1 that he was not permitted to enter the Residence without a search warrant.

22. Next, Defendant Doe #1 grabbed the security door and yanked it open while Plaintiff was holding on the door shut.

23. Defendant Doe #1 pulled Plaintiff out of the house because she was holding the door shut at that time.

24. Tiny and Winter then went out the front door and around the corner to where their food bowls kept.

25. Police officer Doe #2 shot both Tiny and Winter.

26. Defendant Doe #1 laughed at Plaintiff as she tried to help her wounded animals.

27. Defendant Doe #1's supervisor then asked Doe #1 to leave.

28. The Detroit Pit Crew came and picked up the wounded dogs and took them to a veterinarian.

29. Tiny died from his wounds.

30. Winter has survived.

31. On information and belief, police officers never found the person for whom they were searching.

32. Defendant Doe #1's search and seizure of Plaintiff's Residence without a search warrant was unreasonable *per se*.

33. Defendant Doe # 2's seizure was unreasonable because the dogs did not present a threat of imminent harm to Defendant.

34. But for Defendant Doe #1's illegal search of Plaintiff's Residence, Defendant Doe #2 would never have encountered Plaintiff's dogs because Plaintiff's dogs would have remained secured safely inside Plaintiff's Residence if Defendant Doe #1 would not have unlawfully opened Plaintiff's front door.

35. On information and belief, Defendant Doe #1 and Doe #2 had no training with respect to dog encounters.

36. Such training is available, for free, through the United States Department of Justice Community Oriented Policing Services.

37. Plaintiff sought information regarding the incident giving rise to this case, including the identity of Defendant Doe #1 and Doe #2, through a Freedom of Information Act ("FOIA") request.

38. However, the City of Detroit effectively rejected the request when on September 12, 2019, it demanded that Plaintiff pay nearly $2,000 for the information, which included four audio files, 73 pages of written records and 27 video files.

39. Accordingly, Plaintiff has initiated this matter against "John Doe" Defendants.

**COUNT I**
**VIOLATIONS OF CIVIL RIGHTS**
**42 U.S.C. § 1983 AND THE FOURTH AMENDMENT**
**AGAINST THE INDIVIDUAL DEFENDANTS**
**FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES**
**AND ATTORNEY'S FEES**

40. Plaintiff re-alleges all of the preceding paragraphs.

41. "The Fourth Amendment of the United States Constitution, U.S. Const. amend. IV, protects the individual's privacy in a variety of settings. In none is the zone of privacy more clearly defined than when bounded by the unambiguous physical dimensions of an individual's home--a zone that finds its roots in clear and specific constitutional terms: "*The right of the people to be secure in their ... houses ... shall not be violated*." ... In terms that apply equally to seizures of property and to seizures of persons, *the Fourth Amendment has drawn a firm line at the entrance to the house*. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant." *Payton v. New York*, 445 U.S. 573, 589-90 (1980).

6

42. The search and seizure of Plaintiff's home without a warrant was presumptively unreasonable. *Id*. at 586; *Georgia v. Randolph*, 547 U.S. 103, 120 (2006).

43. Defendant Doe #1 pulling Plaintiff from the inside of her home to the outside of her home when he yanked open the front door that Plaintiff was holding shut was an unreasonable seizure of Plaintiff because, *inter alia*, (i) there was no reasonable suspicion of her, (ii) there was no warrant and (iii) Defendant Doe #1 used excessive force.

44. The seizure of Plaintiff under these circumstances was unreasonable. *Terry v. Ohio,* 392 U.S. 1, 16 (1968).

45. The Fourth Amendment of the United States Constitution, U.S. Const. amend. IV, prohibits the government from unreasonably seizing a citizen's property.

46. "The destruction of property by state officials poses as much of a threat, if not more, to people's right to be 'secure . . . in their effects' as does the physical taking of them." *Fuller v. Vines*, 36 F.3d 65, 68 (9th Cir. 1994), overruled on other grounds, *Robinson v. Solano County*, 278 F.3d 1007, 1013 (9th Cir. 2002) (citation omitted).

47. An individual has a Fourth Amendment property right in their pets. *San Jose Charter of the Hell's Angels Motorcycle Club v. City of San*

*Jose*, 402 F.3d 962, 977-78 (9th Cir. 2005); *Brown v. Battle Creek Police Department*, 844 F.3d 556, 568 (6th Cir. 2016).

48. That an individual has a property right in their pets was clearly established in 2013. *Brown*, 844 F.3d at 567.

49. Pets are more than just a personal effect. *San Jose,* 402 F.3d at 975.

50. The emotional attachment to a pet is not comparable to a possessory interest in furniture or other inanimate property. *Id*.

51. Indeed, Plaintiff's Fourth Amendment interests involved are substantial because the bond between an owner and their pet is strong and enduring and Plaintiff thinks of their pet "in terms of an emotional relationship, rather than a property relationship." *Altman v. City of High Point, N.C.*, 330 F.3d 194, 205 (4th Cir. 2003).

52. Defendants' acts described herein were intentional, grossly negligent, amounted to reckless or callous indifference to Plaintiff's constitutional rights.

53. Defendant's seizure of Tiny and Winter was objectively unreasonable.

54. No exigent circumstances warranted the intrusion involved in this case.

55. No governmental interest justifies the search or seizure involved in this case.

## COMPENSATORY DAMAGES

56. Under 42 U.S.C. § 1983 Plaintiff is entitled to an award of compensatory damages against each Defendant in his individual capacity, which includes "damages for the emotional distress suffered by Plaintiffs . . . and any other injury that is the result of . . . the unlawful seizure of Plaintiffs'" dogs. *Moreno v. Hughes*, 157 F.Supp.3d 687, 692 (E.D. Mich. 2016).

## PUNITIVE DAMAGES

57. The individual Defendant's actions were:

    a. Reckless;

    b. Showed callous indifference toward the rights of Plaintiff; and

    c. Were taken in the face of a perceived risk that the actions would violate federal law.

58. Plaintiff is entitled to an award of punitive damages against Defendant in his individual capacity, in order to punish him and to deter others.

## ATTORNEY'S FEES

59. Under 42 U.S.C. § 1988, if Plaintiff is the prevailing party in this litigation, then she will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

THEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendants in their individual capacity, for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

                Respectfully submitted,

                Olson PLLC

                /s/ Christopher S. Olson
                Christopher S. Olson (P58780)
                32121 Woodward Avenue
                Suite 300
                Royal Oak, Michigan 48073
                (248) 672-7368
                colson@olsonpllc.mygbiz.com
                *Attorneys for Plaintiff*

September 16, 2019
Detroit, Michigan

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

                              Respectfully submitted,

                              OLSON PLLC

                              /s/Christopher S. Olson_____
                              Christopher S. Olson (P58780)
                              32121 Woodward Avenue
                              Suite 300
                              Royal Oak, Michigan 48073
                              (248) 672-7368
                              colson@olsonpllc.mygbiz.com
                              *Attorneys for Plaintiff*

September 16, 2019
Detroit, Michigan